UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER CASEY CRUZ,<br><br>Petitioner,<br><br>v.<br><br>BRANDON PRICE, Executive Director,<br><br>Respondent. | No. 1:18-cv-01360-AWI-JLT (HC)<br><br>**FINDINGS AND RECOMMENDATION TO GRANT RESPONDENT'S MOTION TO DISMISS PETITION**<br><br>**[Doc. 19]**<br><br>**[TWENTY-ONE DAY OBJECTION DEADLINE]** |

Petitioner filed a habeas petition on September 21, 2018, challenging ongoing civil commitment proceedings under California's Sexually Violent Predator Act ("SVPA"). He is currently detained at Coalinga State Hospital pending commitment proceedings in Riverside County Superior Court. The Court finds that it should abstain from interfering in state proceedings pursuant to Younger v. Harris, 401 U.S. 37 (1971), and will therefore recommend the petition be dismissed without prejudice.

**DISCUSSION**

A.  Preliminary Review of Petition

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . ." Rule 4 of the Rules Governing Section 2254 Cases. The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of

1

habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. Herbst v. Cook, 260 F.3d 1039 (9th Cir. 2001).

B.     State Procedural Background

In 1998, Petitioner pleaded guilty to kidnaping and molesting a five-year old girl. See Cruz v. Ahlin, Case No. 5:10-cv-01345-JLS-AJW (C.D. Cal. 2011).[1] The court sentenced him to state prison for a term of ten years and eight months. Id. His release date was set for November 16, 2006. Id. On November 14, 2006, the Board of Parole Hearings imposed a three-day hold. Id. Three business days later, on November 21, 2006, the Board imposed a 45-day hold on his release. Id.

On January 3, 2007, the Riverside County District Attorney filed a petition for the civil commitment of Petitioner pursuant to the SVPA. (Doc. 19-1 at 2.) On March 16, 2007, the Riverside County Superior Court held a hearing, found probable cause for commitment, and ordered Petitioner be detained in the custody of the California Department of State Hospitals pending trial. (Doc. 19-1 at 4-5.)

Petitioner then pursued a motion to dismiss the SVPA proceedings based upon untimeliness. See Case No. 5:10-cv-01345, Doc. 13 at 2. Eventually, the California Court of Appeal ruled that the SVPA petition was timely filed under state law. Id.

Petitioner next filed a federal petition for writ of habeas corpus in the Central District on September 7, 2010, challenging the legality of his detention. Id., Doc. 1. On March 18, 2011, the petition was dismissed pursuant to Younger. Id., Doc. 18. On April 27, 2011, Petitioner filed a second federal petition for writ of habeas corpus in the Central District raising similar claims to his previous petition. See Cruz v. Ahlin, Case No. 5:11-cv-00658-JLS-AJW. On November 1, 2011, the petition was dismissed again pursuant to Younger. Id., Doc. 15.

In November or December of 2016, Petitioner filed a petition in the Riverside County

---

[1] The Court may take judicial notice of facts that are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b); United States v. Bernal-Obeso, 989 F.2d 331, 333 (9th Cir. 1993).  Judicial notice may be taken of court records. Valerio v. Boise Cascade Corp., 80 F.R.D. 626, 635 n. 1 (N.D.Cal.1978), aff'd, 645 F.2d 699 (9th Cir.).

2

Superior Court alleging: 1) He was denied the effective assistance of counsel and denied replacement counsel; 2) He was denied a speedy trial after delay of more than 11 years; 3) He was entitled to dismissal of SVPA proceedings because of material legal error; and 4) He was denied due process because of the court's refusal to hear his motions. (Doc. 1 at 3-4.) The petition was denied on December 21, 2016. (Doc. 1 at 5.) He then filed a petition in the California Court of Appeal raising the same claims. The appellate court denied the petition on August 1, 2017. (Doc. 1 at 4.) Thereafter he filed a petition in the California Supreme Court raising those same claims. (Doc. 1 at 3-4.) The California Supreme Court denied the petition on June 27, 2018. (Doc. 1 at 4.)

On September 21, 2018, Petitioner filed the instant petition in the Central District. The matter was transferred to this Court on October 1, 2018. Respondent filed a motion to dismiss on January 30, 2019, arguing that the Court should abstain from interfering in the state process and dismiss the petition. (Doc. 19.) Petitioner filed an opposition on February 21, 2019. (Doc. 20.)

C.     Younger Abstention

Under principles of comity and federalism, a federal court should not interfere with ongoing state criminal proceedings by granting injunctive or declaratory relief except under special circumstances. Younger v. Harris, 401 U.S. 37, 43-54 (1971). Younger abstention is required when: (1) state proceedings, judicial in nature, are pending; (2) the state proceedings involve important state interests; and (3) the state proceedings afford adequate opportunity to raise the constitutional issue. Middlesex County Ethics Comm. V. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982); Dubinka v. Judges of the Superior Court, 23 F.3d 218, 223 (9th Cir. 1994). The rationale of Younger applies throughout the appellate proceedings, requiring that state appellate review of a state court judgment be exhausted before federal court intervention is permitted. Dubinka, 23 F.3d at 223 (even if criminal trials were completed at time of abstention decision, state court proceedings still considered pending).

The law of habeas corpus also provides guidance on when a district court should abstain from review of a claim. To be granted federal habeas corpus relief, the petition must have exhausted his available state remedies. 28 U.S.C. § 2254(b). The rule of exhaustion is based on

comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731 (1991). The exhaustion requirement can be satisfied by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971)

First, the parties agree that state SVPA commitment proceedings are ongoing. Respondent notes that the next hearing in the matter is set for March 13, 2019. (Doc. 19-1 at 67.) Thus, the first condition is met.

Second, the Court agrees with Respondent that SVPA commitment proceedings implicate important state interests, namely, the protection of the public from sexually violent offenders, and treatment for those offenders. See Addington v. Texas, 441 U.S. 418, 426 (1986) ("The state has a legitimate interest under its *parens patriae* powers in providing care to its citizens who are unable because of emotional disorders to care for themselves; the state also has authority under its police power to protect the community from the dangerous tendencies of some who are mentally ill"). Therefore, the second component is satisfied.

Third, the Court finds that state proceedings provide an adequate opportunity for Petitioner to litigate his claims. There is no reason to believe the state courts would not be adequate forums if proceedings do result in his commitment. It appears Petitioner believes that the third prong is not met because he has already raised the instant claims unsuccessfully in the state courts. However, the fact he has not been successful in the state courts is immaterial to whether the state courts provide an adequate forum. See Sweeney v. Bartow, 612 F.3d 571, 573 (7th Cir. 2010).

Petitioner argues that there are extraordinary circumstances in this case that constitute an exception to Younger. He claims he has been in pretrial custody for over 11 years through no fault of his own in violation of his due process rights. He contends that the State has violated his speedy trial rights. Petitioner is correct that a person who is in state custody awaiting a state court determination of the legality of his custody may seek relief without being barred by Younger if federal intervention is necessary to prevent the challenge from becoming moot, such as where a

petitioner complains of being denied his right to a speedy trial. Braden v. 30th Judicial Circuit Court, 410 U.S. 484, 489-92 (1973). However, those concerns are not at issue here.

Petitioner is not seeking to compel a trial here. He is seeking to avoid one. He is requesting that the Court dismiss the state SVPA proceedings and order his release from custody unconditionally. In Braden, the petitioner sought "only to demand enforcement of the Commonwealth's affirmative constitutional obligation to bring him properly to trial." Id. at 489-90. The Supreme Court in Braden stressed the importance of this distinction:

> (P)etitioner made no effort to abort a state proceeding or to disrupt the orderly functioning of state judicial processes. He comes to federal court, not in an effort to forestall a state prosecution, but to enforce the Commonwealth's obligation to provide him with a state court forum.
>
> We emphasize that nothing we have said would permit the derailment of a pending state proceeding by an attempt to litigate constitutional defenses prematurely in federal court."

Id. at 491. Thus, Petitioner's speedy trial claim does not qualify as an exception to Younger.

Petitioner further complains that the delay itself constitutes an extraordinary circumstance. As Respondent correctly points out, "a claimed violation of the Speedy Trial Clause" does not "suffice[] in and of itself as an independent 'extraordinary circumstance' necessitating pre-trial habeas consideration." Brown v. Ahern, 676 F.3d 899, 901 (9th Cir. 2012). Furthermore, many of the continuances of state proceedings have been at Petitioner's own request. (Doc. 1 at 27.) Petitioner argues that he was forced into these continuances because he did not want to go to trial with a defense attorney who was not prepared on the case. (Doc. 1 at 27.) The Court does not find this argument credible. As noted by Respondent, on only one occasion has Petitioner sought to move for substitution of counsel. That was in March of 2015, and he withdrew the motion when a new attorney, Michael Schaaf, was assigned to represent him. (Doc 19-1 at 44, 52.) Petitioner continues to be represented by Mr. Schaaf and the record shows no occasion where Petitioner has requested his removal from the case as one would expect if the attorney was interfering with Petitioner's right to a speedy trial.

Therefore, the Court finds all three criteria are satisfied, and no exception to Younger exists. The Court recommends abstaining from interfering in state proceedings pursuant to

Younger.

**RECOMMENDATION**

Accordingly, the Court RECOMMENDS that Respondent's motion to dismiss be GRANTED and the petition be DISMISSED WITHOUT PREJUDICE.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to this case, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within twenty-one days after being served with a copy, any party may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to objections must be filed within ten court days of the date of service of any objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are forewarned that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **March 5, 2019**                    **/s/ Jennifer L. Thurston**
                                            UNITED STATES MAGISTRATE JUDGE

6