UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER CASEY CRUZ,<br><br>             Petitioner,<br><br>      v.<br><br>BRANDON PRICE,<br><br>             Respondent. | Case No. 1:18-cv-01360-AWI-CDB (HC)<br><br>ORDER APPOINTING COUNSEL<br><br>(ECF Nos. 32) |

Petitioner Peter Casey Cruz ("Petitioner") is a state prisoner proceeding *pro se* with a Petition for Writ of Habeas Corpus pursuant to § 2254.  (ECF No. 1).

On March 5, 2019, the Honorable Magistrate Judge Jennifer L. Thurston issued findings and recommendations that Respondent's Motion to Dismiss (ECF No. 19) be granted through the exercise of *Younger* abstention.  (ECF No. 21).  On May 3, 2019, the Honorable District Judge Anthony W. Ishii issued an order adopting the findings and recommendations and judgment in favor of Respondent.  (ECF Nos. 23-24).

On May 10, 2019, Petitioner filed a notice of appeal to the United States Court of Appeals for the Ninth Circuit, from the order granting Respondent's motion to dismiss.  (ECF No. 25).  On April 1, 2022, the Court of Appeals issued an order affirming in part and remanding in part the District Court's order.  (ECF No. 32).  The Court of Appeals stated the District Court correctly concluded that

*Younger* abstention applied to Petitioner's request to enjoin his Sexually Violent Predator Act proceedings based on delays in his trials. *Id*. at 3. The Court of Appeals held the District Court did not address Petitioner's claim he had been detained without probable cause, in violation of the Fourth Amendment. *Id*. at 3-4. "Because Petitioner fairly argued that his Fourth Amendment claim would not be barred under *Younger* and in the interest of judicial economy" the Court of Appeals remanded this matter back to the District Court to consider Petitioner's Fourth Amendment claim. *Id*. at 4. Further, the Court of Appeals noted "Considering the amount of time that [Petitioner] has been detained pending trial, the district court should consider whether it is appropriate to appoint counsel." *Id*. at 4. The Court now reviews whether to appoint counsel to Petitioner.

There currently exists no absolute right to appointment of counsel in habeas proceedings. *Nevius v. Summer*, 105 F.3d 453, 460 (9th Cir. 1996). However, 18 U.S.C. § 3006A(a)(2)(B) authorizes the appointment of counsel at any stage of the case "if the interests of justice so require." *See* Rule 8(c), Rules Governing Section 2254 Cases. A court should only appoint counsel under "exceptional circumstances" and after evaluating the likelihood of success on the merits and the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved. *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983). The decision to appoint counsel is within the discretion of the United States magistrate judge and district court. 18 U.S.C. § 3006A(a)(2)(B); *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986).

The Court has reviewed the record, including the Ninth Circuit's acknowledgement of the length of time Petitioner has remained detained, along with Petitioner's status as a *pro se* litigant, the lack of clarity regarding Petitioner's Fourth Amendment claim, and the complexity of said claim. In sum, the Court finds that the interests of justice would be served by the appointment of counsel.

Accordingly, IT IS HEREBY ORDERED that:

1. The Court shall appoint counsel for Petitioner's Fourth Amendment claim;
2. The matter is hereby referred to the Federal Public Defender's Office to find counsel for Petitioner;
3. A notice of appearance shall be filed with the Court by the attorney representing Petitioner within twenty days of the date of service of this order;

4. Within forty-five days from the date that counsel is appointed, Petitioner's counsel shall file a supplemental traverse addressing Petitioner's Fourth Amendment claim. Appointed Counsel shall brief the Court why Petitioner's Fourth Amendment claim is unexhausted;

5. Respondent may file a reply to Petitioner's supplemental traverse within twenty-one days of the date Petitioner's supplemental traverse is filed;

6. The Clerk of the Court is directed to send a copy of this Order to Petitioner, the Federal Public Defender's Office, and to Respondent;

7. The Clerk of the Court is directed to send a copy of Petitioner's habeas corpus petition (ECF No. 1), the Motion to Dismiss (ECF No. 19), the Findings and Recommendations recommending that Respondent's Motion to Dismiss be Granted and the Petition be Dismissed without prejudice (ECF No. 21), Petitioner's Objections to the Findings and Recommendations (ECF No. 22), the United States Court of Appeals opinion affirming in part in remanding in part the decision of the District Court (ECF No. 32) to the Federal Public Defender's Office;

8. The Clerk of the Court is also directed to send a copy of Petitioner's Opening Brief for review (ECF No. 29), Respondent's Answering Brief (ECF No. 38), and Petitioner's Reply Brief (ECF No. 47) to the United States Court of Appeals, Case No. 19-16191; and

9. Petitioner's appointed counsel shall contact the Clerk's Office to obtain copies of any other documents in the file.

IT IS SO ORDERED.

Dated: __December 2, 2022__       _____
                                  UNITED STATES MAGISTRATE JUDGE