1
2
3
4
5
6
7
8
9
10

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER CASEY CRUZ,<br><br>                    Petitioner,<br><br>          v.<br><br>BRANDON PRICE,<br><br>                    Respondent. | Case No. 1:18-cv-01360-JLT-CDB (HC)<br><br>**FINDINGS AND RECOMMENDATIONS TO (1) DENY PETITIONER'S MOTION FOR LEAVE TO AMEND AND (2) DISMISS PETITION**<br><br>**21-DAY DEADLINE**<br><br>(Doc. 51) |

Pending before the Court is the motion of Petitioner Peter Casey Cruz ("Petitioner"), represented by counsel Eric Hans Schweitzer, to amend his petition for writ of habeas corpus, the opposition of Respondent Brandon Price ("Respondent"), and Petitioner's ancillary brief.  (Docs. 51, 53, 55).  On July 13, 2023, the Undersigned heard oral arguments on Petitioner's motion.  (Doc. 54). For the reasons that follow, the Undersigned will recommend Petitioner's motion to amend the petition be denied and this case be dismissed.

**Background**

    **A.**       **Procedural Posture**

        Petitioner is a pretrial detainee in state custody at Coalinga State Hospital ("Coalinga") pending ongoing proceedings pursuant to the Sexually Violent Predator Act ("SVPA") in California state court.  (Doc. 1 at 2).

1

1    In 1998, Petitioner pleaded guilty to kidnapping and molesting a five-year-old girl.  (Doc. 21 at

2    2) (citing *Cruz v. Ahlin*, Case No. 5:10-cv-01345-JLS-AJW (C.D. Cal. 2011)) (hereinafter, "Cruz

3    Habeas I").  The court sentenced him to state prison for a term of ten years and eight months.  *Id*.

4    Petitioner's release date was set for November 16, 2006.  *Id*.  On November 14, 2006, the Board of

5    Parole Hearings imposed a three-day hold on his release.  *Id*.  On November 21, 2006, the Board

6    imposed an additional 45-day hold.  *Id*.

7    On November 29 and December 1, 2006, Drs. Wesley B. Maram and Harry Goldberg

8    conducted civil commitment evaluations of Petitioner pursuant to Welfare and Institutions Code 6600.

9    (Doc. 51-6 at 5-19, 63-86).  Drs. Maram and Goldberg disagreed as to whether Petitioner met the

10   statutory criteria for filing a commitment petition, with Dr. Goldberg declining to conclude that

11   Petitioner met the commitment criteria.  *Id*.  On December 11 and 15, 2006, Drs. Christopher North

12   and Dennis R. Sheppard provided separate civil commitment evaluations of Petitioner pursuant to

13   Welfare and Institutions Code 6600 and determined Petitioner met the commitment criteria.  *Id*. at 20-

14   62.

15   On January 3, 2007, the Riverside County District Attorney filed a petition for the civil

16   commitment of Petitioner pursuant to the SVPA.  (Doc. 19-1 at 2).  On March 16, 2007, the Riverside

17   County Superior Court held a hearing, found probable cause for commitment, and ordered Petitioner

18   be detained in the custody of the California Department of State Hospitals pending trial.  *Id*. at 4-5.

19   Thereafter, Petitioner pursued a motion to dismiss the SVPA proceedings based upon untimeliness.

20   (Doc. 21 2).  The California Court of Appeals ruled that the SVPA petition was timely filed under

21   state law.  *Id*.

22   On September 7, 2010, Petitioner filed a petition for writ of habeas corpus in the U.S. District

23   Court for the Central District of California challenging the legality of his detention.  *Id*.  On March 18,

24   2011, the assigned district judge adopted the findings and recommendation of a magistrate judge that

25   Petitioner's claims premised on violations of state law were not cognizable and otherwise were barred

26   by the doctrine of preemption under *Younger v. Harris* and, accordingly, dismissed the petition.  *See*

27   Cruz Habeas I, Doc. 13 pp. 3-4 & Doc. 18.   On April 27, 2011, Petitioner filed a second petition for

28   writ of habeas corpus in the Central District of California raising similar claims.  *See Cruz v. Ahlin*,

Case No. 5:11-cv-00658-JLS-AJW (C.D. Cal. 2011)).  On November 1, 2011, the assigned district judge once again adopted the findings and recommendation of a magistrate judge that Petitioner's claims were not cognizable in habeas and otherwise were barred by the doctrine of preemption under *Younger v. Harris* and, accordingly, dismissed the petition.  *See id.*, Doc. 10 pp. 3-6 & Doc. 15.

According to the allegations in his petition, at some point during the SVPA proceedings before the Riverside County Superior Court, Petitioner filed a "motion to abate" pursuant to *People v. Superior Court* (*Ghilotti*).  (Doc. 1-2 at 5-14).  Petitioner asserted "the State evaluator reports naming [him], as a potential SVP are infected with 'Material Legal Error'…[and] is not supported by the statutory criteria necessary to meet a legal finding of Probable Cause."  *Id.* at 5.  In November or December 2016, Petitioner additionally asserts he filed a petition for writ of habeas corpus in the Riverside County Superior Court alleging: (1) he was denied the effective assistance of counsel and denied replacement counsel; (2) he was denied a speedy trial after a delay of more than 11 years; (3) he was entitled to dismissal of SVPA proceedings because of material legal error; and (4) he was denied due process because of the court's refusal to hear his motion.  (Doc. 1 at 4-5).

The petition was denied on December 21, 2016.  *Id.* at 5.  At some point, Petitioner filed a petition in the California Court of Appeals raising the same claims.  *Id.* at 4.  In that court, Petitioner asserted his "Plea in Abatement (*Ghilotti* motion) still has not been heard in respondent court."  (Doc. 1-1 at 37).  On August 1, 2017, the state appellate court denied the petition.  (Doc. 1 at 4).  Thereafter, Petitioner filed a petition in the California Supreme Court raising the same claims.  *Id.* at 3-4.  On June 27, 2018, the California Supreme Court denied the petition.  *Id.*

**B.     Petitioner's Habeas Corpus Action in this Court**

On September 21, 2018, Petitioner filed a third petition for writ of habeas corpus in the Central District of California, challenging the legality of his detention.  (Doc. 1).  On October 1, 2018, the Central District court transferred the action to this Court.  (Doc. 4).  This Court directed Respondent to file a response to the petition on October 3, 2018.  (Doc. 7).

On January 30, 2019, Respondent filed a motion to dismiss Petitioner's habeas corpus claims under the doctrine of *Younger* abstention.  (Doc. 19).  Petitioner filed an opposition on February 21, 2019.  (Doc. 20).  On March 5. 2019, the assigned magistrate judge issued findings and

1   recommendations to grant Respondent's motion to dismiss and to dismiss the petition without

2   prejudice.  (Doc. 21).  The assigned magistrate judge found there was no applicable exception to

3   *Younger* abstention and that the Court should abstain from interfering in the state's SVPA

4   proceedings.  *Id*.  On March 20, 2019, Petitioner filed objections to the findings and recommendations.

5   (Doc. 22).  The Honorable District Judge Anthony W. Ishii adopted the findings and recommendations

6   on May 3, 2019.  (Doc. 23).  That same day, the Court entered judgment against Petitioner and closed

7   the case.  (Doc. 24).

8   　　　　On May 10, 2019, Petitioner filed a notice of appeal of this Court's order granting

9   Respondent's motion to dismiss to the Ninth Circuit Court of Appeals.  (Doc. 25).  On July 17, 2019,

10  the Court of Appeals remanded the action to this Court for the limited purpose of granting or denying

11  a certificate of appealability.  (Doc. 28).  This Court issued an order declining to issue a certificate of

12  appealability on October 3, 2019.  (Doc. 29).

13  　　　　**C.**　　**The Court of Appeals' Limited Remand**

14  　　　　On April 1, 2022, the Court of Appeals issued a memorandum affirming in part and remanding

15  in part the decision of this Court to dismiss the petition.  (Doc. 32).  The Court of Appeals determined

16  the district court correctly abstained from resolving Petitioner's petition to the extent Petitioner sought

17  to enjoin his ongoing SVPA civil commitment proceedings in state court based on an alleged

18  unconstitutional delay in bringing him to trial.  *Id*. at 2-3.  The Court of Appeals rejected Petitioner's

19  argument that extraordinary circumstances precluded *Younger* abstention.  *Id*. at 3.

20  　　　　The Court of Appeals also considered Petitioner's argument that he had been detained without

21  probable cause, in violation of the Fourth Amendment.  *Id*. at 3-4.  The Court of Appeals noted, "[t]he

22  district court did not address this theory, and the state argues that [Petitioner] did not raise it below."

23  *Id*. at 4.  The Court of Appeals acknowledged Petitioner was proceeding pro se, and pro se pleadings

24  are to be construed liberally.  *Id*.  The Court of Appeals also explained that while it did "not fault the

25  district court for not appreciating [Petitioner's] Fourth Amendment theory, judicial economy would

26  not be served by inviting [Petitioner] to file a new § 2241 petition, as opposed to allowing him to

27  amend his existing one in order more fully to develop this claim."  *Id*.  The Court of Appeals

28  determined because Petitioner fairly argued that his Fourth Amendment claim would not be barred

4

under *Younger*, remand was warranted to consider the Fourth Amendment theory in the first instance. *Id*. Further, the Court of Appeals noted, "Considering the amount of time that [Petitioner] has been detained pending trial, the district court should consider whether it is appropriate to appoint counsel." *Id*.

On December 5, 2022, the Undersigned issued an order appointing counsel for Petitioner. (Doc. 36). The Undersigned directed appointed counsel to file a supplemental traverse addressing Petitioner's Fourth Amendment claim and briefing the Court as to whether Petitioner's Fourth Amendment claim is exhausted. *Id*. at 3.

**D.      Petitioner's Pending Motion to Amend Habeas Corpus Petition**

On May 18, 2023, Petitioner filed the instant motion to amend the petition for writ of habeas corpus. (Doc. 51).[1] In his notice of motion, Petitioner asserts amendment is not futile or sought in bad faith and will not result in either undue delay or unwarranted prejudice to any opposing party. *Id*. at 1-2. Petitioner contends he should be allowed to amend his petition as indicated by the Ninth Circuit's memorandum and pursuant to Federal Rule of Civil Procedure Rule 15(a). *Id*. at 2. In his proposed amended petition, Petitioner recounts the procedural history of the relevant state court and federal habeas corpus actions and asserts four grounds for habeas relief:

1.     Violation of the Fourth Amendment – detention in state court based on erroneous probable cause determination.

2.     Violation of Due Process – detention in state court based on erroneous probable cause determination.

3.     Violation of Due Process – 14-year delay in bringing pending SVPA proceeding to trial.

4.     Ineffective assistance of counsel and replacement counsel in pending SVPA proceeding.

(Doc. 51-1 at 4).

---

[1] As noted above, Petitioner filed a supplemental traverse, to which Respondent replied. (Docs. 42, 49). Petitioner also filed an earlier motion to amend his petition, which the Court terminated on Petitioner's request to withdraw it. (Docs. 46, 48).

Petitioner's proposed five-page amended petition is followed by a 50-page memorandum of points and authorities in support of the relief sought.  (Doc. 51-1).  Petitioner asserts the *Younger* abstention doctrine is not a bar to this Court's review of his claims because "extraordinary circumstances where irreparable injury can be shown" exist.  *Id*. at 16-19 (quoting *Brown v. Ahern*, 676 F.3d 899, 903 (9th Cir. 2012)).  Specifically, Petitioner claims *Younger* abstention is not appropriate here because the procedure challenged – the state's probable cause determination on which Petitioner's detention is based – "is distinct from his underlying criminal prosecution and said challenge would not interfere with the prosecution, or [] full vindication of Petitioner's pretrial rights requires intervention before trial."  *Id*. at 17.

Next, Petitioner claims his detention without probable cause violates the Fourth Amendment.  *Id*. at 19-34.  Petitioner contends that evidence used by the state to obtain a probable cause determination to detain him was manufactured outside of the permissible boundaries of the SVPA.  *Id*. at 19.  Specifically, Plaintiff asserts the State based its probable cause determination upon inadmissible hearsay, cherry-picked evaluations, and unsupported findings in violation of California law.  *Id*. at 24-34.  Separately, Petitioner argues the SVPA commitment petition, the related probable cause determinations, and the delay in bringing his case to trial violated his due process rights.  *Id*. at 35-60.  Additionally, Petitioner raises a claim he has been denied the effective assistance of counsel.  *Id*. at 61-66.

Respondent filed an opposition to the motion to amend on June 1, 2023.  (Doc. 53).  Respondent argues Petitioner continues to pursue claims subject to *Younger* abstention and outside the scope of the Ninth Circuit's limited remand.  *Id*. at 3.  Respondent contends Petitioner's claims under the Due Process Clause of the Fourteenth Amendment rely on "an erroneous legal theory" to challenge his pretrial detention.  *Id*. at 4.  Respondent argues that the amendment of the petition is futile because any Fourth Amendment claim has not been exhausted, lacks merit, and improperly seeks termination of ongoing state-court proceedings.  *Id*. at 4-12.

On July 13, 2023, the Undersigned convened for hearing and argument on Petitioner's motion to amend petition.  Eric Schweitzer appeared on behalf of Petitioner and Cameron Goodman appeared

1  on behalf of Respondent.  (Doc. 54).  Immediately following the hearing, Petitioner filed an ancillary

2  brief on a decision in a Fifth District Court of Appeals case, *Camacho v. Superior Court*.  (Doc. 55).

3  **Legal Standard**

4       Under Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend his pleadings

5  once as a matter of course at any time before a responsive pleading is served.  Fed. R. Civ. P.

6  15(a)(1).[2]  Otherwise, a party may amend only by leave of the court or by written consent of the

7  adverse party, and leave shall be freely given when "justice so requires."  Fed. R. Civ. P. 15(a)(2);

8  *AmerisourceBergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 951 (9th Cir. 2006).

9       While courts exercise broad discretion in deciding whether to allow amendment and have

10  generally adopted a liberal policy, "that discretion is not unlimited."  *See United States ex rel. Ehmcke

11  Sheet Metal Works v. Wausau Ins. Cos.*, 755 F. Supp. 906, 908 (E.D. Cal. 1991) (citing *Jordan v.

12  Cnty. of L.A.*, 669 F.2d 1311, 1324 (9th Cir. 1982), rev'd on other grounds, 459 U.S. 810 (1982)).

13  "Those limitations include undue prejudice to the opposing party, bad faith by the movant, futility, and

14  undue delay."  *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1058 (9th Cir.

15  2011) (citations & internal quotation marks omitted).  A court weighs these factors in determining the

16  propriety of granting leave to amend.  *Nunes v. Ashcroft*, 375 F.3d 805, 808 (9th Cir. 2004); *cf.

17  Sonoma Cnty. Ass'n of Retired Employees v. Sonoma Cnty.*, 708 F.3d 1109, 1117 (9th Cir. 2013)

18  (noting a court may decline to grant a motion to amend "only if there is strong evidence" of the five

19  factors) (citing *Foman v. Davis*, 371 U.S. 178, 192 (1962)).

20       The factors are not weighed equally; futility alone may justify the denial of a motion for leave

21  to amend a petition for writ of habeas corpus.  *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995);

22  *accord Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1298 (9th Cir. 1998) ("Although there is a

23  general rule that parties are allowed to amend their pleadings, it does not extend to cases in which any

24  amendment would be an exercise in futility").  In conducting this analysis, the court generally grants

25  all inferences in favor of permitting amendment.  *Griggs v. Pace Am. Group, Inc.*, 170 F.3d 877, 880

26  (9th Cir. 1999).  Moreover, the court must be mindful that, for each of these factors, the party

27

28       [2] Rule 15 applies to habeas corpus cases.  28 U.S.C. § 2242; Habeas Rule 12; *see James v. Giles*, 221 F.3d 1074, 1077-78 (9th Cir. 2000) (applying Rule 15(a) in a habeas proceeding).

7

1   opposing amendment has the burden of showing that amendment is not warranted.  *DCD Programs,*

2   *Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987).

3   **<u>Analysis</u>**

4       **A.       Preliminary Matters**

5           Despite the Ninth Circuit remanding this action for the narrow purpose of allowing "the district

6   court to consider [Petitioner's] Fourth Amendment theory in the first instance," (Doc. 32 at 4)

7   Petitioner raises and/or reasserts additional claims.  First, Petitioner attempts to reassert claims this

8   Court and the Ninth Circuit have already denied.  In the proposed amended petition, Petitioner asserts

9   the 14-year delay in bringing his case to trial violated his due process and that he was denied effective

10  assistance of counsel (Claims 3 and 4).  (Doc. 51-1 at 51-66).  The Court already rejected these

11  arguments and determined *Younger* abstention applied.  (Doc. 21 at 4-5; Doc. 23).  The Ninth Circuit

12  affirmed this Court's decision and held "that *Younger* abstention applies to [Petitioner's] request to

13  enjoin his SVPA proceedings based on delays in his trial."  (Doc. 32 at 3).  Most recently, at the

14  hearing on Petitioner's motion to amend, counsel for Petitioner acknowledged these claims fell outside

15  the scope of the Court of Appeals' limited remand, but that he felt "duty bound" nevertheless to

16  include the claims in the proposed amended petition in case intervening developments of law made

17  those claims more viable.  As Petitioner has identified no new authority casting in doubt the Court of

18  Appeals' opinion and remand, the Undersigned is bound to recommend these claims be dismissed.

19          Next, Petitioner attempts to seek relief under the Due Process Clause of the Fourteenth

20  Amendment (Claim 2).  (Doc. 51-1 at 35-51).  When a pretrial detainee complains "that a form of

21  legal process resulted in pretrial detention unsupported by probable cause, then the right allegedly

22  infringed lies in the Fourth Amendment, not the Due Process Clause."  *Page v. King*, 932 F.3d 898,

23  905 (9th Cir. 2019) (quoting *Manuel v. City of Joliet*, 137 S. Ct. 911, 919 (2017) (internal quotation

24  marks omitted)).  Thus, Petitioner's due process claim is an improper method by which to challenge

25  his pretrial detention.

26      **B.       Futility of Amendment - Exhaustion**

27          Respondent opposes Petitioner's motion for leave to file an amended petition based on futility.

28  "[A] proposed amendment is futile only if no set of facts can be proven under the amendment to the

pleadings that would constitute a valid and sufficient claim or defense." *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988).  The Ninth Circuit has alternatively stated that the test of whether amendment would be futile is "identical to the one used when considering the sufficiency of a pleading challenged under Rule 12(b)(6)." *Id.* (citing 3 J. Moore, Moore's Federal Practice ¶ 15.08[4] (2d ed. 1974)).

Respondent argues Petitioner's Fourth Amendment claim should be dismissed because the claim is unexhausted.  A petitioner who is in state custody and wishes to collaterally challenge his convictions by a petition for writ of habeas corpus must exhaust state judicial remedies.  28 U.S.C. § 2254(b)(1).  The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. *Coleman v. Thompson*, 501 U.S. 722, 731 (1991); *Rose v. Lundy*, 455 U.S. 509, 518 (1982).  A petitioner can satisfy the exhaustion requirement by providing the highest state court with the necessary jurisdiction a full and fair opportunity to consider each claim before presenting it to the federal court and demonstrating that no state remedy remains available. *Johnson v. Zenon*, 88 F.3d 828, 829 (9th Cir. 1996) (citing *Picard v. Connor,* 404 U.S. 270, 275 (1971)); *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) (habeas petitioner must give the state courts "one full opportunity" to decide a federal claim by carrying out "one complete round" of the state's appellate process).

The Undersigned agrees that Petitioner has failed to demonstrate that his Fourth Amendment claim is exhausted.  To begin with, Petitioner appears to concede that he did not present or argue to the state courts that he suffered a Fourth Amendment violation.  Thus, he acknowledges that his assignment of error before the state courts with respect to the probable cause finding for his detention was the improper reliance on civil commitment evaluations in violation of State "statutory criteria" – not that any error violated the Fourth Amendment. *See* (Doc. 1-2 at 5).  In the Court's order appointing counsel, the Undersigned requested briefing on why Petitioner's Fourth Amendment claim is unexhausted.  (Doc. 36 at 3).  Petitioner did not address the issue of exhaustion in his supplemental traverse and offered only a conclusory statement that he "has exhausted his state remedies" in his memo in support of the motion to amend.  (Docs. 42; 51-1 at 14).  When repeatedly pressed by the Undersigned at the motion hearing on the subject of exhaustion, counsel for Petitioner asserted that a

1    "de facto" Fourth Amendment claim was "hiding in plain sight" among Petitioner's briefing in state

2    court and that his claims "sound in the Fourth Amendment."  That falls short of providing the state

3    courts a full and fair opportunity to consider the claim for which Petitioner seeks to amend his petition

4    – that his detention violated the Fourth Amendment.  *Johnson*, 88 F.3d at 829.

5           The Supreme Court has suggested that an exception to the exhaustion requirement may exist

6    for cases that involve "special circumstances."  *Braden v. 30th Judicial Circuit Court of Kentucky*, 410

7    U.S. 484, 489 (1973).  But this exception is exceedingly narrow and still requires a petitioner to

8    exhaust all "available state remedies" before a federal court may entertain a habeas action.  *Id*.  While

9    Petitioner asserts his Fourth Amendment claims "fits squarely within the irreparable harm exception"

10   in *Younger* (Doc. 42 at 5), this argument is unavailing.  "The Ninth Circuit's body of case law

11   suggests that the definition of 'special circumstances' in the exhaustion context is not coextensive with

12   the definition of 'exceptional circumstances' in the *Younger* abstention context."  *Stanley v. Hanson*,

13   No. 2:21-cv-01207-JHC-TLF, 2022 WL 4108790, at *2 (W.D. Wash. Sept. 8, 2022) (citing *inter alia*

14   *Arevalo v. Hennessy*, 882 F.3d 763, 766-67 (9th Cir. 2018) (granting habeas relief only after

15   determining that the petitioner had exhausted state remedies despite meeting the irreparable harm

16   exception in *Younger*) & *Bean v. Matteucci*, 986 F.3d 1128, 1135-36 (9th Cir. 2021) (same)).

17          Here, as noted above, Petitioner advances no substantive argument either that he exhausted his

18   claims in state court or that any special circumstances exist that would warrant an exception to the

19   exhaustion requirement.  Accordingly, the Undersigned finds that Petitioner has not carried his burden

20   to show exhaustion of his Fourth Amendment claim and, thus, that amendment would be futile. *E.g.*,

21   *Wyatt v. McDonald*, No. CIV S-09-2122 KHM DAD P., 2011 WL 6100611, at *7 (E.D. Cal. Dec. 7,

22   2011) ("Petitioner admittedly has not presented any of his proposed new claims to the California

23   Supreme Court and they are therefore unexhausted. Accordingly, petitioner's motion to amend to add

24   these new claims to his pending federal habeas petition would be futile.").

25          **C.      Futility of Amendment – Noncognizable Claim**

26          Even if Petitioner has exhausted his Fourth Amendment claim, amendment would still be futile

27   because it fails to state a federal claim for relief.  That is because federal habeas relief is not available

28   to state prisoners challenging state law.  *Estelle v. McGuire*, 502 U.S. 62, 67 (1991) ("We have stated

1   many times that federal habeas corpus relief does not lie for errors of state law"); *Langford v. Day*,

2   110 F.3d 1380, 1389 (9th Cir. 1997) ("alleged errors in the application of state law are not cognizable

3   in federal habeas corpus" proceedings).

4         In this action, Petitioner asserts a Fourth Amendment claim that the state court erred in its

5   application of California Welfare and Institutions Code §§ 6601-03, that the State's experts' reliance

6   on hearsay was invalid, and that his diagnosis was improperly found to meet the criteria set forth in

7   California's SVPA.  However, the state court's interpretation and application of state law does not

8   provide a basis for cognizable federal habeas claims.  *See Cruz v. Ahlin*, No. EDCV 11–658–

9   JST(AJW), 2011 WL 5290092, at *2 (C.D. Cal. Aug. 24, 2011) ("To the extent that petitioner

10   contends that the SVPA petition was not properly filed because it violated state law regarding the

11   timing of SVPA holds, his claim does not merit federal habeas relief."), report and recommendation

12   adopted, No. EDCV 11–658–JST(AJW), 2011 WL 5325296 (C.D. Cal. Nov. 1, 2011); *Page v. King*,

13   No. 1:16-cv-00522-AWI-JLT, 2020 WL 3057461, at *4 (E.D. Cal. June 9, 2020) ("how California

14   defines a mental disorder is a matter of state law, and does not raise a constitutional claim."), aff'd,

15   *Page v. King*, No. 20-17073, 2021 WL 4690953 (9th Cir. 2021) (finding petitioner's argument that his

16   recommitment proceedings should be dismissed because his diagnoses of Paraphilia NOS and ASPD

17   are "medically invalid under California law" are not cognizable on federal habeas because "federal

18   habeas corpus relief does not lie for errors of state law."); *Webb v. Price*, No. 2:21-cv-01119-FMO

19   (SP), 2022 WL 892695, at *3 (C.D. Cal. Feb. 23, 2022) (finding "petitioner simply alleges procedural

20   and evidentiary errors with regard to California's application of the SVPA, a state law. The claims are

21   therefore not cognizable on federal habeas review."); *see also Orozco v. Kramer*, No. CV 08–3291

22   AHM (CT), 2009 WL 1033610, at *6-8 (C.D. Cal. Apr. 14, 2009) ("No Supreme Court case has held

23   that, in civil commitment proceedings, an expert is prohibited from testifying regarding hearsay

24   statements in explaining the basis for his or her opinion—even when the opinion is based on

25   uncharged or unproven conduct.").  Petitioner may not, as he attempts to do here, transform state law

26   issues into a federal one merely by labeling them as Fourth Amendment violations.

27         In any event, Petitioner has failed to demonstrate a violation of California state law.  Petitioner

28   claims that the State was required under the SVPA to discard the evaluation of Dr. Maram.  (Doc. 51-1

at 36).  On the merits, this argument fails.  "Under the SVPA, a person serving prison sentences may be referred for possible civil commitment at the conclusion of their terms on grounds that they are SVP."  *People v. Shazier*, 60 Cal. 4th 109, 125-26 (2014); *Reilly v. Superior Court*, 57 Cal. 4th 641, 646 (2013).  The SVPA defines an SVP as "a person who has been convicted of a sexually violent offense, against one or more victims and who has a diagnosed mental disorder that makes the person a danger to the health and safety of others in that it is likely that he or she will engage in sexually violent criminal behavior."  *Reilly*, 57 Cal. 4th at 646 (quoting Welf. & Inst. C. § 6600(a)(1)).

Before an SVP commitment petition is filed in Superior Court, an inmate must undergo a "full evaluation" by two mental health experts who "have concurred that the person currently meets the criteria for commitment under the SVPA."  *Reilly*, 57 Cal. 4th at 646-47.  In the event that the two evaluators do not both conclude that an individual meets the criteria for an SVP designation, the State must arrange for further examination by two independent professionals.  Welf. & Inst. C. § 6601(e); *Reilly*, 57 Cal. 4th at 647.

"The SVPA also provides for evaluations to be updated or replaced after a commitment petition has been filed."  *Reilly*, 57 Cal. 4th at 647.  "[A]lthough initial evaluations…must agree, a lack of concurrence between updated or replacement evaluations does not require dismissal of the petition."  *Id*.  "Rather, the updated evaluations' primary purpose is evidentiary or informational."  *Id*.  "Mandatory dismissal is not required where one or both of the later evaluators conclude the individual does not meet the criteria for commitment."  *Id*.

"After a petition for commitment has been filed in the superior court, and once replacement evaluations have been completed, a new round of proceedings ensues."  *Reilly*, 57 Cal. 4th at 648; *Hubbart v. Superior Court*, 19 Cal. 4th 1138, 1146 (1999).  "The superior court first holds a hearing to determine whether there is 'probable cause' to believe that the person named in the petition is likely to engage in sexually violent predatory criminal behavior upon release."  *Hubbart*, 19 Cal. 4th at 1146; *Reilly*, 57 Cal. 4th at 648.  "If no probable cause is found, the petition is dismissed.  However, if the court finds probable cause within the meaning of this section, the court orders a trial to determine whether the person is an SVP under [the act]."  *Hubbart*, 19 Cal. 4th at 1146; *Shazier*, 60 Cal. 4th at 126; *Reilly*, 57 Cal. 4th at 648.

12

1      As noted above, in their initial evaluations, Drs. Maram and Goldberg disagreed as to whether

2 Petitioner met the statutory criteria for filing a commitment petition, with Dr. Goldberg declining to

3 conclude that Petitioner met the commitment criteria.  (Doc. 51-6 at 5-19, 63-86).  Subsequently, the

4 State arranged for further examination by two independent professionals, Drs. North and Sheppard.

5 *Id*. at 20-62.  Drs. North and Sheppard both determined Petitioner met the commitment criteria.  *Id*.

6 Thereafter, the State filed a commitment petition.  (Doc. 19-1 at 2).

7      In light of this posture, there is no requirement that Dr. Maram's observations and testimony be

8 discarded following Drs. North and Sheppard's evaluations.  The Riverside County Superior Court

9 could consider Dr. Maram's observations and testimony to determine whether there was probable

10 cause to believe Petitioner was likely to engage in sexually violent predatory criminal behavior upon

11 release.  Thus, Petitioner's probable cause hearing complied with the California Welfare and

12 Institutions Code.  As his purported Fourth Amendment claim is premised on state actors' alleged

13 error in complying with the SVPA – which the Undersigned finds does not, in fact, reflect a violation

14 of state law – granting Petitioner leave to add his proposed amendment would be futile.  *E.g., Garcia*

15 *v. Clark*, No. CIV S-10-0968, 2011 WL 6819812, at *4 (E.D. Cal. Dec. 28, 2011) ("this court

16 recommends that petitioner's motion for leave to amend be denied as futile because petitioner's

17 proposed new ineffective assistance of counsel claims fail on their merits"), report and

18 recommendation adopted, 2012 WL 2196363 (June 14, 2012).

19     **D.**    **Futility of Amendment – Impermissible Relief**

20      Separately, amendment of the petition is futile because the relief sought by Petitioner –

21 termination of ongoing state-court proceedings – requires abstention.  Federal courts "ordinarily

22 should entertain and resolve on the merits an action within the scope of a jurisdictional grant [] and

23 should not 'refus[e] to decide a case in deference to the States.'"  *Sprint Commc'ns. Inc. v. Jacobs*,

24 571 U.S. 69, 72 (2013) (quoting *New Orleans Pub. Serv., Inc. v. Council of City of New Orleans*, 491

25 U.S. 350, 368 (1989)).  However, the Supreme Court has recognized "certain instances in which the

26 prospect of undue interference with state proceedings, counsels against federal relief."  *Sprint*

27 *Commc'ns. Inc.*, 571 U.S. at 72.  When there is a parallel, pending state criminal proceeding, federal

28 courts must refrain from enjoining the state prosecution.  *Younger*, 401 U.S, at 43-55.  The Supreme

Court has also "extended *Younger* abstention to particular state civil proceedings that are akin to criminal prosecutions, or that implicate a State's interest in enforcing the orders and judgments of its courts[.]" *Sprint Commc'ns, Inc.*, 571 U.S. at 72-73 (citations omitted); *New Orleans Pub. Serv., Inc.*, 491 U.S. at 367-68; *see Middlesex Cnty. Ethics Comm'n. v. Garden State Bar Ass'n*, 457 U.S. 423, 432, (1982) ("The policies underlying *Younger* are fully applicable to noncriminal judicial proceedings when important state interests are involved."); *Page*, 932 F.3d at 902 ("Page does not dispute that *Younger* abstention can apply to ongoing SVPA proceedings[.]").

Federal courts do not invoke *Younger* if there is a showing of bad faith, harassment, or some other extraordinary circumstance that would make abstention inappropriate. *Bean*, 986 F.3d at 1133. In *Page*, the Ninth Circuit determined "*Younger* does not 'require[] a district court to abstain from hearing a petition for a writ of habeas corpus challenging the conditions of pretrial detention in state court' where (1) the procedure challenged in the petition is distinct from the underlying criminal prosecution and the challenge would not interfere with the prosecution, or (2) full vindication of the petitioner's pretrial rights requires intervention before trial." *Page*, 932 F.3d at 903 (quoting *Arevalo*, 882 F.3d at 765).

As discussed above, the Court previously applied *Younger* abstention to Petitioner's ongoing SVPA proceedings. (Docs. 21, 23). The Ninth Circuit remanded this action finding Petitioner "fairly argues that his Fourth Amendment claim would not be barred under *Younger*" pursuant to *Page*. (Doc. 32). Thereafter, Petitioner filed a supplemental traverse and motion to amend wherein he exclusively asked this Court to dismiss the underlying SVPA proceeding and release him from custody. (Docs. 42 at 20-21; 51-1 at 15, 26, 28, 32, 34, 66-67). Granting this requested relief inevitability will interfere with Petitioner's ongoing state court civil commitment proceedings. Under these circumstances, *Page* does not support the Court's intervention here.

Accordingly, because amendment would be futile for the reasons set forth herein, the Court should deny Petitioner's motion to amend the petition for writ of habeas corpus and dismiss the petition.

/ / /

/ / /

14

**Conclusion and Recommendations**

The Undersigned RECOMMENDS:

1.     Petitioner's motion to amend the petition for writ of habeas corpus (Doc. 51) be

DENIED and the petition be DISMISSED; and

2.     The Clerk of Court be directed to close this case.

These findings and recommendations will be submitted to the United States district judge

assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within twenty-one days

after being served with these findings and recommendations, Petitioner may file written objections

with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and

Recommendations."  Plaintiffs are advised that failure to file objections within the specified time may

result in the waiver of rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014)

(citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **May 17, 2024**

UNITED STATES MAGISTRATE JUDGE

15