UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER CASEY CRUZ,<br><br>　　　　Petitioner,<br><br>　v.<br><br>BRANDON PRICE,<br><br>　　　　Respondent. | Case No. 1:18-cv-01360-JLT-CDB (HC)<br><br>ORDER GRANTING COUNSEL FOR PETITIONER'S MOTION TO WITHDRAW<br><br>(Doc. 61)<br><br>ORDER APPOINTING COUNSEL |

Pending before the Court is the motion of attorney Eric Hans Schweitzer – counsel for Petitioner Peter Casey Cruz ("Petitioner") – to withdraw as counsel of record.

**Background**

Petitioner is a pretrial detainee in state custody at Coalinga State Hospital ("Coalinga") pending ongoing proceedings pursuant to the Sexually Violent Predator Act ("SVPA") in California state court. (Doc. 1 at 2).

On September 21, 2018, Petitioner filed a petition for writ of habeas corpus in the Central District of California, challenging the legality of his detention. (Doc. 1). On October 1, 2018, the Central District court transferred the action to this Court. (Doc. 4). This Court directed Respondent to file a response to the petition on October 3, 2018. (Doc. 7).

On May 3, 2019, the then-assigned district judge in this action entered an order granting Respondent's motion to dismiss the petition. (Doc. 23). On April 1, 2022, the Court of Appeals

1

issued a memorandum affirming in part and remanding in part the decision of this Court to dismiss the petition. (Doc. 32). In its memorandum decision, the Court of Appeals explained remand was warranted to consider Petitioner's argument that he had been detained without probable cause in violation of the Fourth Amendment. Among other things, the Court of Appeals noted, "Considering the amount of time that [Petitioner] has been detained pending trial, the district court should consider whether it is appropriate to appoint counsel." *Id*.

On December 5, 2022, the Court issued an order appointing counsel for Petitioner. (Doc. 36).[1] The Court directed appointed counsel to file a supplemental traverse addressing Petitioner's Fourth Amendment claim and to brief the Court as to whether Petitioner's Fourth Amendment claim is exhausted. *Id*. at 3.

Following briefing and argument, on May 17, 2024, the Undersigned issued findings and recommendations to deny Petitioner's motion for leave to amend the petition and to dismiss the petition. (Doc. 56). Shortly thereafter, counsel for Petitioner filed a request for a four-month extension of time within which to file objections. (Doc. 57). The Court convened for hearing on Petitioner's request for extension of time and, during that hearing, counsel for Petitioner expressed his intent to seek permission to withdraw on the grounds that Petitioner could no longer afford his services. (Doc. 60). Thereafter, on June 12, 2024, counsel for Petitioner filed the pending motion to withdraw. (Doc. 61). Respondent did not oppose the request. On July 19, 2024, the Court convened for hearing on counsel for Petitioner's motion to withdraw. (Doc. 64).

**Legal Standard**

The decision to grant or deny an attorney's motion to withdraw is ultimately committed to the discretion of the trial court. *United States v. Carter*, 560 F.3d 1107, 1113 (9th Cir. 2009). "In ruling on a motion to withdraw as counsel, courts consider (1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay the resolution of the case."

---

[1] As discussed below, unbeknownst to the Undersigned, Petitioner already had retained counsel by the time the order to appoint counsel was entered.

*Beard v. Shuttermart of Cal., Inc.*, No. 3:07-cv-00594-WQH-NLS, 2008 WL 410694, at *2 (S.D. Cal. Feb. 13, 2008) (citing *Nat'l Career Coll., Inc. v. Spellings*, No. 07-cv-00075-HG-LK, 2007 WL 2048776, at *2 (D. Haw. July 11, 2007)); *see CE Res., Inc. v. Magellan Grp., LLC*, No. 2:08-cv-02999-MCE-KJM, 2009 WL 3367489, at *2 (E.D. Cal. Oct. 14, 2009) (noting that "[u]ltimately, the court's ruling must involve a balancing of the equities").

In addition to the above factors, withdrawal of counsel is governed by the Local Rules. Local Rule 182(d) provides that if withdrawal would leave a client without counsel, an attorney must file a formal motion and provide the client and all other parties with notice of the motion to withdraw. *Id*. The attorney must also submit an affidavit providing the current or last known address of the client and describing the efforts made to notify the client of the motion to withdraw. *Id*.

Further, "[w]ithdrawal as attorney is governed by the Rules of Professional Conduct of the State Bar of California, and the attorney shall conform to the requirements of those Rules." *Id*. The California Rules of Professional Conduct provide that if the rules of a court require permission for an attorney to withdraw, the attorney may not withdraw from employment in a proceeding without the permission of such court. Cal. R. Prof. Conduct 1.16(c). Also, counsel must take reasonable steps to avoid prejudicing the rights of the client, including providing notice, allowing time for the client to employ other counsel, and complying with applicable laws and rules. Cal. R. Prof. Conduct 1.16(d). Grounds for permissive withdrawal exist where a client "breach[es] a material term of an agreement with, or obligation, to the lawyer relating to the representation, and the lawyer has given the client a reasonable warning after the breach that the lawyer will withdraw unless the client fulfills the agreement or performs the obligation." Cal. R. Prof. Conduct 1.16(b)(5).

**Discussion**

Based on its consideration of counsel for Petitioner's motion and discussion with the parties during the motion hearing, the Court finds Counsel Schweitzer has provided good cause to withdraw under the California Rules of Professional Conduct. The motion papers demonstrate the Petitioner has breached or imminently will breach a contractual payment obligation notwithstanding Counsel Schweitzer's admonishment to Petitioner that he intended to withdraw from representation. Counsel Schweitzer has complied with the notice requirements in Local Rule 182(d). The Court also notes

granting withdrawal will not cause any prejudice to any litigant, to the administration of justice, or significantly delay the resolution of the case. Among other things, the Court notes that Respondent does not oppose the pending motion or otherwise argue that he will suffer any prejudice from the Court's granting of the motion aside from the inherent delay that will result. However, when balanced against the fact that the Court will grant Petitioner's request and appoint counsel to further litigate the case, the Court finds that the balance of equities weighs in favor of granting the motion to withdraw.

**Conclusion and Recommendations**

For the reasons set forth above:

1. The motion of Counsel Eric Schweitzer to withdraw as counsel (Doc. 61) is GRANTED subject to the conditions set forth below;
2. The Clerk of the Court is directed to terminate Eric Schweitzer as counsel of record for Petitioner;
3. Counsel Schweitzer shall comply with all obligations under Rule 1.16(e) of the California Rules of Professional Conduct regarding the release of a client's papers and property and the return of unearned fees;
4. As further described below, Counsel Schweitzer shall make all necessary arrangements to transfer the case file to counsel anticipated to be appointed on Petitioner's behalf;
5. Petitioner is substituted-in pro se and is directed to comply with all hearing dates and the rules of the Court until counsel is appointed;
6. The Clerk of the Court is directed to enter the following contact information as to Petitioner's address of record: PETER C. CRUZ CDC# 679-1, Coalinga State Hospital, P.O. Box 5003, Coalinga, CA 93210-5003;
7. The Court shall appoint counsel for Petitioner's Fourth Amendment claim;
8. The matter is hereby referred to the Office of the Federal Public Defender to find counsel for Petitioner;
9. A notice of appearance shall be filed with the Court by the attorney representing Petitioner within 30 days of the date of service of this order;

4

10. The parties are directed to appear before the Undersigned for status conference on August 29, 2024, at 10:30 a.m.; and

11. The Clerk of the Court is directed to serve this order on Petitioner and on the Office of the Federal Public Defender.

IT IS SO ORDERED.

Dated:   **July 19, 2024**

UNITED STATES MAGISTRATE JUDGE

5