UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER CASEY CRUZ,<br><br>            Petitioner,<br><br>      v.<br><br>BRANDON PRICE.<br><br>            Respondent. | Case No. 1:18-cv-01360-JLT-CDB<br><br>ORDER REQUIRING PETITIONER TO SHOW CAUSE WHY SANCTIONS SHOULD NOT BE IMPOSED FOR FAILURE TO APPEAR AT A STATUS CONFERENCE<br><br>(Doc. 70)<br><br><u>THREE-DAY DEADLINE</u> |

On May 17, 2024, the Undersigned issued findings and recommendations to deny Petitioner Peter Casey Cruz's ("Petitioner") motion for leave to amend his petition and that this case be dismissed. (Doc. 56). Thereafter, former counsel for Petitioner filed a request for a four-month extension of time within which to file objections. (Doc. 57). The Undersigned convened a hearing on Petitioner's request for an extension of time and during that hearing, Mr. Schweitzer expressed his intent to seek permission to withdraw as counsel. (Doc. 60).

On June 12, 2024, Mr. Schweitzer filed a motion to withdraw, and the Undersigned issued an order granting the request on July 22, 2024. (Docs. 61, 65). The Undersigned also ordered that counsel be appointed for Petitioner's Fourth Amendment claim and that the matter be referred to the Office of the Federal Public Defender to locate counsel for Petitioner. (Doc. 65 at 4). That same day,

the Undersigned set a status conference in this case for August 29, 2024.  On August 10, 2024, Counsel Andrea Renee St. Julian entered an appearance on behalf of Petitioner.  (Doc. 66).  On August 14, 2024, Petitioner filed a joint stipulation to continue the status conference.  (Doc. 67).  On August 18, 2024, the Undersigned issued an order continuing the status conference to September 30, 2024, at 10:30 a.m.  (Doc. 68).  On August 19, 2024, the Undersigned issued an order advancing September 30 status conference by one hour (to 9:30 a.m.).  (Doc. 69).

On September 30, 2024, the Undersigned convened for status conference at which Respondent Brandon Price's counsel Cameron Goodman appeared.  (Doc. 70).  No appearance was made by appointed counsel Andrea Renee St. Julian.  *Id*.  Shortly after the Court's adjournment following her failure to appear, Counsel St. Julian contacted the undersigned's chambers and the Court agreed to reset the status conference at 2:00 p.m. that day.  (Doc. 71).

Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court."  The Court has the inherent power to control its docket and may, in the exercise of that power, impose sanctions where appropriate, including financial sanctions and dismissal of the action.  *See Bautista v. Los Angeles Cnty.*, 216 F.3d 837, 841 (9th Cir. 2000).

Here, Counsel St. Julian had ample notice in advance of the September 30 status conference that the time had been reset from 10:30 a.m. to 9:30 a.m. but nevertheless failed to appear.

Accordingly, IT IS HEREBY ORDERED, that Petitioner shall show cause in writing, no later than October 3, 2024, why sanctions should not be imposed for failing to appear at the 9:30 a.m. September 30, 2024, status conference.  Failure to comply with this order to show cause may result in the imposition of sanctions.

IT IS SO ORDERED.

Dated:   **September 30, 2024**             _____
                                             UNITED STATES MAGISTRATE JUDGE