UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER CASEY CRUZ,<br><br>          Petitioner,<br><br>     v.<br><br>BRANDON PRICE,<br><br>          Respondent. | Case No. 1:18-cv-01360-JLT-CDB (HC)<br><br>FINDINGS AND RECOMMENDATIONS TO DENY PETITIONER'S MOTION TO STAY<br><br>**14-DAY DEADLINE**<br><br>(Doc. 76) |

**Relevant Background**

On May 17, 2024, the undersigned issued findings and recommendations to 1) deny the motion of Petitioner Peter Casey Cruz for leave to amend the petition, and 2) dismiss the petition.  (Doc. 56). As the parties are familiar with the background and procedural posture of the case as summarized in those findings and recommendations (*see id.* at 1-7), the Court incorporates that background here.

Following issuance of the findings and recommendations and before the time to file objections had expired, retained counsel for Petitioner moved to withdraw.  (Doc. 61).  Following hearing and oral argument, the Court granted counsel's unopposed motion to withdraw.  (Docs. 64, 65).  On August 10, 2024, newly appointed counsel for Petitioner (Andrea R. St. Julian) appeared in the action. (Doc. 66).  At counsel's request, the Court set a deadline for Petitioner to file either objections to the pending findings and recommendations or a motion to stay the action to permit Petitioner to seek to exhaust his claims in state court.  (Doc. 72).

On October 17, 2024, Petitioner timely filed a motion to stay. (Doc. 76). Respondent Brandon Price timely opposed and Petitioner filed a reply. (Docs. 77, 78). On November 25, 2024, the undersigned deemed the motion submitted and suitable for disposition without hearing or oral argument. (Doc. 79) (citing Local Rule 230(g)).[1]

**Applicable Legal Standard**

As a matter of comity, a federal court will not entertain a habeas corpus petition unless the petitioner has exhausted the available state judicial remedies on every ground for relief presented in the petition. *Rose v. Lundy*, 455 U.S. 509, 518-22 (1982). Under 28 U.S.C. § 2254(b)(1), a habeas petition brought by a person in state custody "shall not be granted unless it appears that - (A) the applicant has exhausted the remedies available in the courts of the State; or (B)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant." Exhaustion requires that the petitioner's claims be fairly presented to the state courts and be disposed of on the merits by the highest court of the state. *James v. Borg*, 24 F.3d 20, 24 (9th Cir. 1994); *Libberton v. Ryan*, 583 F.3d 1147, 1164 (9th Cir. 2009). A claim has not been fairly presented to a state court unless the petitioner has described both the operative facts and the federal legal theory on which the claim is based. *Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam); *Picard v. Connor*, 404 U.S. 270, 275-78 (1971).

In apparent recognition of the exhaustion requirement, Petitioner "moves to stay the instant proceeding until the completion of state exhaustion proceedings to address, *inter alia*, the violation of [his] Fourth Amendment rights caused by his continued detention pending trial on the commitment petition filed by the state of California." (Doc. 76, Notice of Motion).[2] Petitioner invokes the

---

[1] Because the denial of Petitioner's motion to stay recommended herein likely constitutes a dispositive ruling under the circumstances presented in this action, the undersigned will dispose of Petitioner's motion by findings and recommendations to the assigned district judge. *See Mitchell v. Valenzuela*, 791 F.3d 1166 (9th Cir. 2015); *see also Sadowski v. Grounds*, 742 Fed. Appx. 311, 312 (9th Cir. 2018) (magistrate judge lacks statutory authority to deny *Rhines* stay).

[2] Petitioner separately asserts that, in fact, he did exhaust his claims in state court. (Doc. 76 at 11 n.1). But if that were the case, there would be no need to move for a stay. In any event, for the reasons the undersigned already has articulated, Petitioner plainly has not exhausted his claims in state court. *See* (Doc. 56 at 9-10).

authority granted by the Supreme Court in *Rhines v. Weber* (544 U.S. 269 (2005)) to impose such a stay. *See id.* ("This motion is made pursuant to *Rhines v. Weber*").

Under *Rhines*, a court may stay a petition for writ of habeas corpus pending exhaustion if the petitioner demonstrates (1) good cause for the failure to previously exhaust the claims in state court, (2) the claims at issue potentially have merit, and (3) petitioner has been diligent in pursuing relief. *Rhines*, 544 U.S. at 278. Such a stay allows state courts the first opportunity to consider and address a state prisoner's habeas corpus claims. *Id.* at 273-74 (citing *Rose*, 455 U.S. at 518-19).

The decision of whether to grant a *Rhines* stay is subject to the discretion of the district court and may be denied where a petitioner fails to establish any of the three factors. *Rhines*, 544 U.S. at 276; *cf. Jackson v. Roe*, 425 F.3d 654, 661 (9th Cir. 2005) (when the three *Rhines* factors are satisfied, "it likely would be an abuse of discretion for a district court to deny a stay[.]").

**Discussion**

**A.  Whether a *Rhines* Stay is Available in a § 2241 Habeas Proceeding**

Respondent argues that Petitioner may not seek a *Rhines* stay because his petition for habeas corpus is brought pursuant to § 2241 and not (as with the petition in *Rhines*) pursuant to § 2254.

In *Rhines*, the Supreme Court acknowledged that its precedent requiring dismissal of an unexhausted petition for writ of habeas corpus did not deprive a petitioner of subsequently exhausting his dismissed claims in state court and thereafter refiling in federal court because, prior to *Rhines*, there was no statute of limitations on the filing of a federal habeas petition. *Rhines*, 544 U.S. at 274 (citing *Rose*, 455 U.S. at 509). However, with the passage of AEDPA in 1996 and imposition of a one-year statute of limitations to filing a federal habeas action, the Court observed that dismissal of an unexhausted petition could "run the risk of [a petitioner] forever losing their opportunity for any federal review of their unexhausted claims." *Id.* at 275. In recognition of this consequential reality, the Court found that, "in limited circumstances," the district court may impose a "stay and abeyance" consistent with AEDPA to permit a petitioner to seek to exhaust claims in state court. *Id.* at 277.

Relying on the Ninth Circuit's decision in *Lema v. I.N.S.*, 341 F.3d 853 (9th Cir. 2003), Respondent argues that, because a § 2241 petition is not governed by AEDPA and, hence, not subject to AEDPA's one-year statute of limitations, the concerns motivating the Supreme Court's provision

for a "stay and abeyance" option in *Rhines* are not applicable here.  (Doc. 77 at 1-2).  However, *Lema* does not stand for the proposition advanced by Respondent.  The Court of Appeals there noted only that if the petitioner in that case filed a second petition under 28 U.S.C. § 2241 upon the dismissal of his first petition, "that petition would not be subject to the 'second or successive" prohibitions set forth in 28 U.S.C. § 2244." (citing *Barapind v. Reno*, 225 F.3d 1100, 1111 (9th Cir. 2000) (holding that AEDPA's gatekeeping provisions in § 2244 do not apply to a § 2241 petition filed by an INS detainee)).

Neither party cites controlling authority squarely addressing the availability of a *Rhines* stay in § 2241 proceedings and the undersigned has found no case directly on point.  In an unpublished decision, a referred magistrate judge, in dicta, embraced the argument Respondent advances here - specifically, that a *Rhines* stay is inapplicable in § 2241 proceedings given that § 2241 petitions are not subject to AEDPA's one-year statute of limitations.  *See Bishop v. Bodine*, No. CV 19-46-BLG-SPW-TJC, 2019 WL 4043942, at *2, n.2 (D. Mont. July 29, 2019).

Given the absence of controlling authority, the undersigned presumes without deciding that a *Rhines* stay (or a stay pursuant to the Court's inherent authority to control its docket) may be available to Petitioner and, hence, undertakes the analysis prescribed by the *Rhines* court to determine the appropriateness of such a stay.

### B. Whether Good Cause Exists for Petitioner's Failure to Exhaust

"Good cause" in the context of a *Rhines* stay turns on whether the petitioner can set forth a reasonable excuse, supported by sufficient evidence, to justify the failure to exhaust.  *Jackson*, 425 F.3d at 661-62 (the "good cause" requirement does not require a showing of "extraordinary circumstances").  *See, e.g., Pace v. DiGuglielmo*, 544 U.S. 408, 416-17 (2005) (reasonable confusion regarding the timeliness of a state filing ordinarily constitutes good cause).

Here, Petitioner argues that good cause exists for his failure to exhaust because (1) he was pro se for the majority of the state court proceedings, which, he argues, is a sufficient basis to excuse exhaustion under the Court of Appeals' decision in *Dixon v. Baker* (Doc. 76 at 16-17, citing 847 F.3d 714 (9th Cir. 2017)), and (2) any failure to exhaust while Petitioner was represented by counsel is excusable as ineffective assistance of counsel.  *Id*. at 17-19.

In *Dixon*, a federal habeas petitioner sought to amend his petition prior to the state's appearance in the action to add claims that the petitioner conceded were unexhausted but which the petitioner attributed to the fact that he was pro se during the state court proceedings. 847 F.3d at 718-19. The Court of Appeals held that the district court committed error by not finding that the petitioner's pro se status constituted "good cause" to impose a stay pursuant to *Rhines*. *Id*. at 721-22. The Court reasoned: "A petitioner who is without counsel in state postconviction proceedings *cannot be expected to understand the technical requirements of exhaustion* and should not be denied the opportunity to exhaust a potentially meritorious claim *simply because he lacked counsel*." *Id*. at 721 (emphasis added).

Here, Petitioner cannot assert that his pro se status during his state court habeas proceedings constitutes good cause under *Rhines* to stay this federal habeas proceeding to permit exhaustion. As the *Dixon* court explained, a petitioner's pro se status during state habeas proceedings satisfies the *Rhines* good cause element because such a petitioner "cannot be expect to understand the technical requirements of exhaustion." But here, Petitioner steadfastly and unequivocally maintains that he fully exhausted claims before the state trial, appellate and supreme courts, thus demonstrating his understanding of the technical requirements of exhaustion. (Doc. 1 at 6-7; Doc. 51-3 at ER 154-56; Doc. 76 at 11 n.1). Thus, unlike the petitioner in *Dixon*, Petitioner here cannot say he failed to exhaust "simply because he lacked counsel." *Dixon*, 847 F.3d at 721. *E.g., Jennings v. Price*, No. 2:18-cv-0006 KJN P, 2018 WL 4677599, at *4 (E.D. Cal. Sept. 27, 2018) (distinguishing *Dixon*; "Petitioner did present other claims to the California Supreme Court (LD 9), demonstrating petitioner's awareness of how to exhaust state court remedies."); *Licona v. Callahan*, No. CV 16-9563-R (JPR), 2018 WL 6168027, at *4 n.9 (C.D. Cal. Mar. 1, 2018) (noting in dicta that "[c]ourts have distinguished *Dixon* when a pro se petitioner has demonstrated prior awareness of his claims and understanding of the need to exhaust state remedies."). *But see Caliz v. Warden*, No. CV 19-00028-JLS (KS), 2019 WL 8108713, at *5 (C.D. Cal. June 24, 2019) ("*Dixon* does not state that 'good cause' can be easily established to the extent that the pro se petitioner did not understand exhaustion.").

Further, any misapprehension by Petitioner about the need to exhaust the Fourth Amendment claim was dispelled when petitioner filed his petition on September 21, 2018, on a form petition that

admonished him about the requirement to exhaust claims in state court with the heading, "**CAUTION: Exhaustion Requirement,**" after which he attested that his claims were exhausted. (Doc. 1 at 6-7; Doc. 51-3 at ER 156-57) (emphasis in original). *See Jennings*, 2018 WL 4677599, at *4 (noting good cause was lacking given petitioner had been alerted to federal exhaustion requirements); *see also Robertson v. Sullivan*, No. CV 18-6763-VBF (JPR), 2020 WL 13747178, at *3 (C.D. Cal. Apr. 22, 2020) (noting that even if the petitioner attributed his failure to exhaust to his lack of counsel during state habeas proceedings, "*Dixon* would only excuse his initial failure to exhaust his claims, before filing his federal Petition, not his subsequent failure to exhaust them in the nearly two years since."). At the very least, Petitioner has been on notice since May 17, 2024, that the Court perceived his Fourth Amendment claim to be unexhausted when the undersigned issued findings and recommendations to dismiss the petition on those grounds - yet, he offers no explanation for his continuing failure to seek to exhaust the claim in state court (noting only his disagreement that the claim, in fact, is unexhausted, *see* Doc. 76 at 11 n.1). *See Senator v. Bird*, No. SA CV 22-02094-SVW (DFM), 2023 WL 4681062, at *18 (C.D. Cal. May 4, 2023) ("Under *Dixon*, [petitioner] has likely shown good cause for his failure to exhaust any such claims up to the time he filed his Petition in this Court because he had no counsel for habeas review. But he has not adequately explained his failure to exhaust in the near four months between the date he filed the Petition and the date he requested a *Rhines* stay."); *Askia v. Samuel*, No. CV 21-0743-CAS (JPR), 2023 WL 2558399, at *3-4 (C.D. Cal. Jan. 18, 2023) (same).

However, Petitioner's separate argument that his failure to exhaust his Fourth Amendment claim while Petitioner was represented by counsel is excusable as ineffective assistance of counsel (Doc. 76 at 17-19), supported by counsel's declaration of facts relevant to the argument (*see id*. at 29-30), satisfies the *Rhines* "good cause" factor. The evidence Petitioner offers reflects a concrete and reasonable excuse that his post-conviction counsel failed to discover, investigate, and present to the state courts the Fourth Amendment claim to satisfy exhaustion. *See Blake v. Baker*, 745 F.3d 977, 983 (9th Cir. 2014); *cf. Sadowski v. Grounds*, 358 F. Supp.3d 1064, 1071 (C.D. Cal. 2019) (declining to find good cause under *Rhines* for lack of connection between petitioner's conclusory allegations of ineffectiveness of counsel and petitioner's subsequent failure to seek to exhaust claims in state court).

///

**C.      Whether the Unexhausted Claims are Potentially Meritorious**

The merit inquiry under *Rhines* turns on whether the petitioner has presented a colorable claim, not whether he is likely to prevail. *Gonzalez v. Wong*, 667 F.3d 965, 980 (9th Cir. 2011). A federal habeas petitioner needs only show that one of his unexhausted claims is not "plainly meritless" to obtain a stay under *Rhines*. 544 U.S. at 277. In determining whether a claim is "plainly meritless," principles of comity and federalism demand that the federal court refrains from ruling on the merits of the claim unless "it is perfectly clear that the petitioner has no hope of prevailing." *Dixon*, 847 F.3d at 722 (quoting *Cassett v. Stewart*, 406 F.3d 614, 624 (9th Cir. 2005)). "A contrary rule would deprive state courts of the opportunity to address a colorable federal claim in the first instance and grant relief if they believe it is warranted." *Id*. (quoting *Cassett*, 406 F.3d at 624) (citing *Lundy*, 455 U.S. at 515).

Here, the Court finds that Petitioner's unexhausted Fourth Amendment claim is plainly without merit. As the undersigned already has found, the Fourth Amendment claim is noncognizable because it wholly involves the state court's interpretation and application of state law (Doc. 56 at 10-11) which cannot amount to a constitutional violation. *See Langford v. Day*, 110 F.3d 1380, 1389 (9th Cir. 1996) ("[Petitioner] may not [] transform a state-law issue into a federal one merely by asserting a violation of due process."); *see also Johnson v. Hunter*, 291 Fed. Appx. 836 (9th Cir. 2008) ("[Petitioner] contends that the State of California's failure to follow the commitment procedures set forth in the SVPA violates his federal due process rights. However, alleged errors in the application of state law are not cognizable in federal habeas corpus.") (citing *inter alia Langford*). Separately, the substance of the alleged state law violation is meritless for the reasons set forth in the pending findings and recommendations to dismiss the petition. *See* (Doc. 56 at 11-13). Moreover, the Fourth Amendment claim fails under Court of Appeals' authority because the exclusive remedy Petitioner seeks for any possible violation would impermissibly interfere with the ongoing state court civil commitment proceedings. *Id*. at 13-14.

For the same reasons the undersigned has found and recommended the petition should be dismissed, the undersigned also finds Petitioner's claims are plainly meritless and do not satisfy the second *Rhines* factor.

///

**D.     Whether Petitioner has Intentionally Engaged in Dilatory Litigation Tactics**

The Court finds nothing in the record suggesting that Petitioner has engaged in "intentionally dilatory litigation tactics," either prior to or after the filing of his federal habeas petition.  For example, the Court notes that Petitioner largely has responded on time to this Court's orders.  *E.g.,* (Docs. 12, 11, 12, 20, 22, 39, 51, 55).  Respondent's conclusory allegations that an SVPA detainee (like Petitioner) benefits from delay and that Petitioner has agreed to state court continuances and not demanded a speedier trial (Doc. 77 at 7) does not demonstrate abusive litigation tactics that weigh against a *Rhines* stay.  In short, although there is significant delay implicated in Petitioner's belated attempt to stay the action to facilitate exhaustion of his claim in state court, there is insufficient evidence of record to conclude that such delay was premeditated and undertaken in bad faith or for the purpose of strategic advantage.  *See McWhorter v. Andes*, No. 1:20-cv-00215-JLT, 2024 WL 1928904, at *10 (E.D. Cal. May 2, 2024) ("Petitioner is not dilatory in waiting for the federal court to rule on claim exhaustion status before filing a petition in state court.").  Accordingly, this factor weighs in favor of granting Petitioner a stay under *Rhines*.

*     *     *     *     *

Because it is perfectly clear Petitioner cannot prevail on his Fourth Amendment claim, the undersigned will recommend that Petitioner's motion to stay be denied.[3]

**Conclusion and Recommendations**

Accordingly, the undersigned RECOMMENDS that Petitioner's motion to stay proceedings (Doc. 76) be DENIED.

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may result in the waiver of

---

[3] For the same reasons that a *Rhines* stay is not appropriate, the undersigned recommends the Court exercise its discretion to decline to stay the matter pursuant to the Court's inherent power.  *See* (Doc. 78 at 1-4).

8

rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **March 6, 2025**

UNITED STATES MAGISTRATE JUDGE

9